**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**
_____

No. 97-60262
Summary Calender
_____


WILLIAM R. WILLIAMS
and
ROBIN M. WILLIAMS,

                                    Petitioners-Appellants,


VERSUS

COMMISSIONER OF INTERNAL REVENUE,

                                    Respondent-Appellee.

_____

Appeal from a Decision of
the United States Tax Court
(20980-95)
_____

May 13, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]


    William and Robin Williams ("taxpayers") appeal the Tax
Court's denial of their motion to vacate its decision.  Finding no
abuse of discretion, we affirm.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

I.

The IRS notified taxpayers of a deficiency in the computation of their income for tax years 1990 and 1991. The taxpayers filed in the Tax Court a petition for a redetermination of the deficiencies. Thereafter, the taxpayers and IRS entered into a stipulation before the Tax Court, agreeing to the deficiencies originally assessed; the Tax Court entered the stipulated decision.

About a month later, taxpayers retained new counsel, who immediately filed a "motion for reconsideration and rehearing." The Tax Court, construing this as a motion to vacate under Tax Court Rule 162, denied the motion.

II.

A.

We review the Tax Court's refusal to alter or amend its judgment for an abuse of discretion. *See Westbrook v. Commissioner*, 68 F.3d 868, 874 (5th Cir. 1995). "This court on review may reverse a discretionary denial by the Tax Court of post-opinion motions only if there are shown to be 'extraordinary circumstances' justifying reversal." *Wilson v. Commissioner*, 500 F.2d 645, 648 (2d Cir. 1974) (citation omitted).

B.

Taxpayers' argument is based on the contention that their

previous counsel misinformed them about the stipulation agreement and that, in the stipulated judgment, they therefore were forced to pay taxes on income they had not earned. For them, this constituted a *per se* "extraordinary circumstance" that mandated reopening the judgment.

We disagree. The taxpayers' first counsel's alleged, unilateral error is not enough to grant relief from a stipulated agreement. *See Stamm Int'l Corp. v. Commissioner*, 90 T.C. 315, 321-22 (1988). "[T]he mistakes of counsel, who is the legal agent of the client, are chargeable to the client." *Pryor v. United States Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985) (citation omitted). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R.R.*, 370 U.S. 626, 634 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)).

AFFIRMED.